**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JENNFER J. TAYLOR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 1:12cv523 |
| ) | (GBL/IDD) |
| REPUBLIC SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE JURY DEMAND**

Plaintiff Jennifer J. Taylor ("Ms. Taylor"), by counsel, opposes the Motion to Strike Plaintiff's Jury Demand filed by the Defendants, Republic Services, Inc. ("Republic Services"), Republic Services of Virginia, LLC ("Republic Services of Virginia"), Jason Callaway ("Mr. Callaway"), Ronald Krall ("Mr. Krall"), Douglas Murphy ("Mr. Murphy") and Christopher Rains ("Mr. Rains") (collectively, "Defendants").

**SUMMARY OF ARGUMENT**

Plaintiff requests that the Court hold Defendants' Motion to Strike in abeyance until Republic has produced merger documents – as sought in Plaintiff's discovery requests – sufficient to allow Plaintiff to determine her rights and options as to the "Jury Waiver Agreement" she signed while employed at Allied Waste Industries, Inc. Ms. Taylor is entitled to fully explore whether she has waived her right to jury trial as to each and every defendant in this case, which, under Republic's own analysis, would essentially be a question of whether they are

"affiliates" as contemplated by Ms. Taylor and Allied Waste Industries, Inc. in the "Jury Waiver Agreement between the two parties."[1]

"Affiliates" as used in the "Jury Waiver Agreement," and relied upon by Republic in its brief and Declaration is ambiguous in this context, undefined, and capable of many meanings.

There is no trial date current set, and there is no prejudice to Republic, in allowing Ms. Taylor the opportunity to obtain the discovery she requested regarding the merger and to determine whether she would consent to Republic's Motion, or have the matter resolved through an evidentiary or other hearing. Until then, Ms. Taylor respectfully requests the Court hold the resolution of the question in abeyance.

## ARGUMENT

Ms. Taylor filed her lawsuit against two corporate entities, Republic Services, Inc. and Republic Services of Virginia, LLC, and several employees. *See* (Complaint). Defendants maintain that Ms. Taylor is not entitled to a trial by jury as to any of the Defendants but they have only produced a two-page, self-serving affidavit in support of their Motion to Strike. Now, Ms. Taylor is in a difficult position as Defendants have refused to produce any of the merger documents she requested and have only submit a two page affidavit in support of their position that the Republic entities are "affiliates" of Allied Waste Services, Inc. Republic has not provided sufficient information to allow Plaintiff to determine her rights and to determine whether Republic is an "affiliate" as it maintains. Plaintiff, through counsel, requests Republic provide the information sought in discovery – which it has unreasonably refused to produce.

---

[1] The lack of any supporting documentation makes it even more difficult to Ms. Taylor be properly advised on terms and impact of the "Jury Waiver Agreement." To the extent Defendants argue the relevant documents are public, Plaintiff's counsel was informally produced a Form 8-K release which would did not specifically address the question at issue. Plaintiff, through counsel, has not readily located any specific documents in any corporate filing.

In *Cox v. Shah, et al.*, 1999 U.S. App. LEXIS 15750, *25 (4th Cir. 1999), the Fourth Circuit held that, where the term "affiliate" was susceptible to different interpretations, it is appropriate for the District court to receive extrinsic evidence and hold an evidentiary hearing to determine what the parties believed the term "affiliate" to mean.

In fact, the term "affiliate" here is an ambiguous one. "A contract is not ambiguous simply because the parties to the contract disagree about the meaning of its language. Indeed, in the context of a covenant not to compete, the covenant is only void for ambiguity if (1) susceptible to two or more differing interpretations, (2) one of which is overbroad." *Capital One Fin. Corp. v. Kanas*, 2012 U.S. Dist. LEXIS 69385 (E.D. Va. May 17, 2012, O'Grady, J.)(internal citations omitted). "The primary goal in the construction of written contracts is to determine the intent of the contracting parties, and intent is to be determined from the language employed, surrounding circumstances, the occasion, and apparent object of the parties." *Christian v. Bullock*, 215 Va. 98, 102, 205 S.E.2d 635, 638 (1974).

Virginia law requires a narrow interpretation of the term "affiliates." "Where a term is ambiguous, we must construe it against the drafter, and in accordance with the reasonable expectations of the [party impacted]." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 57 (4th Cir. Va. 1995)(citations omitted).

The term "affiliates," as it is used in the "Jury Waiver Agreement," is susceptible to more than one meaning. "Affiliates" may mean, for example:

- Two or more companies that, at one time may have been interrelated, but, for all practical purposes one is no longer in operation in the same capacity that it was;
- Two or more companies that are subsidiaries of a parent company but have no practical relation to one another; or
- Two or more companies that operate in the same industry but have no practical relation to one another.

Any of the above may apply in this context.

The "Jury Waiver Agreement" that Ms. Taylor signed with Allied Waste Services, Inc. stated, Attachment 1:

> By the signing this Agreement, you waive your right to request or demand a jury trial with respect to any claims under federal or state laws (to the extent permitted by the law of the state in which you may be employed) that you may assert against Allied Waste Industries, Inc., its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and/or its current, former, and future employees, shareholders, officers, directors and agents ("the Company"). This includes, but is not limited to, claims relating in any manner to your application for employment, your employment (and any of its terms of conditions), or your separation from employment with the Company.

Notably, the language regarding "*current, former, and future*" which appears before "employees . . ." in the above language, does not appear before the term "affiliates," and thus supports an argument that the terms were not contemplated to apply to "*current, former, and future*" "affiliates" of the Company. At the time the Agreement was signed, the "affiliates" of Allied Waste Industries, Inc., did not include Republic Services, Inc., Republic Services of Virginia, LLC, or any other defendant to this action.

In fact, Defendants have not alleged that the individual Defendants are "affiliates" of Allied with respect to the above language, and it would be necessary to see how employees of these companies were to be treated as part of the merger.

In support of its claim that Republic is an "affiliate" of Allied Waste Industries, Inc., Defendants provide only a two page Declaration from its own legal counsel, regarding Allied Waste Industries, Inc.'s ("Allied") current corporate structure, which is ambiguous. As the arbiter of credibility, this Court is permitted to discredit self-serving testimony. *See Cebollero v. Commissioner*, 967 F.2d 986, 992 (4th Cir. 1992).

Defendants maintain Allied merged with a wholly owned subsidiary of Republic, and that Allied was the "surviving corporation" which then "converted" to an LLC. *See* Def.'s Mot. at Exh. 2, Eggleston Decl., ¶¶ 2(a)-(b). Neither "surviving corporation" or "converted" is further defined, and neither is clear in this context.

As to the second Republic entity – Republic Services of Virginia, LLC – Republic declares only that "Republic has other wholly-owned subsidiaries, including Republic Services of Virginia, LLC ("RSVA")" and that, "Allied and RSVA are affiliates of each other." *See* Def.'s Mot. at Exh. 2, Eggleston Decl., ¶¶ 2(c)-(d). Even more striking, is that Republic's self-serving affidavit is not supported by any corporate documents and that Republic has refused to produce *any* documents to support that the Declaration is an accurate recitation of the scope of the initial merger or to further define how Allied purportedly "survived" or what "converted" means.

Even more suspicious is that Republic has refused to produce the specific merger documents in response to Plaintiff's discovery requests. On July 26, 2012, Republic responded to Plaintiff's First Request for Production, Attachment 2, as follows:

> **Request For Production 41: Please produce all documents relating to the merger between Allied Waste Services and Republic Services, Inc.**
>
> Objection to RFP 41: Defendant objects to this Request as overbroad and unduly burdensome in that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant further objects to this Request to the extent that the information sought is not within its possession, custody or control. Defendant objects to this Request because it is overbroad in the extreme. As drafted, it is simply another example of Plaintiff's vexatious, harassing and wasteful litigation tactics. There is no good faith basis for this type of Request and it should be withdrawn.
>
> Response: Defendant stands on its objection to this Request.

The Defendant cannot unreasonably withhold relevant documents and, at the same, time, require Plaintiff to adopt its version of what occurred as a result of the merger. Even more telling, one of Defendant's objections to producing the merger documents is that it objects to producing the related documents as "not in its possession, custody or control," a position that would be contrary to its claim that Allied currently exists as the wholly-owned subsidiary of this Republic entity.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court enter an Order holding Defendants' Motion to Strike Plaintiff's Jury Demand in abeyance, requiring Republic to produce the documents sought regarding the merger, allowing Plaintiff time to then indicate her position, and for all other relief deemed appropriate.

October 10, 2012

Respectfully submitted,

*/S/ CARLA D. BROWN*

Elaine Charlson Bredehoft, VSB No. 23766
ecb@cbcblaw.com
Carla D. Brown, VSB No. 44803
cbrown@cbcblaw.com
CHARLSON BREDEHOFT COHEN
    BROWN & SAKATA, P.C.
11260 Roger Bacon Drive, Ste. 201
Reston, Virginia 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile

*Counsel for Plaintiff, Jennifer J. Taylor*

## CERTIFICATE OF SERVICE

I hereby certify on the 10th day of October 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

>Raymond C. Baldwin, Esq.
>Rbaldwin@Seyfarth.com
>Virginia E. Robinson, Esq.
>Verobinson@seyfarth.com
>Seyfarth Shaw LLP
>975 F. Street, NW
>Washington, DC 20004
>Telephone: (202) 828-3583
>*Counsel for Defendants*
>
>*Counsel for Defendants, Republic Services, Inc., Republic Services of Virginia, LLC, Jason Callaway, Ronald Krall, Douglas Murphy and Christopher Rains*


>/S/ CARLA D. BROWN
>
>Elaine Charlson Bredehoft, VSB No. 23766
>ecb@cbcblaw.com
>Carla D. Brown, Virginia Bar No. 44803
>cbrown@cbcblaw.com
>CHARLSON BREDEHOFT COHEN
>  BROWN & SAKATA, P.C.
>11260 Roger Bacon Drive, Suite 201
>Reston, Virginia 20190
>(703) 318-6800  Telephone
>(703) 318-6808  Facsimile
>
>*Counsel for Plaintiff, Jennifer J. Taylor*