**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

_____
JENNFER J. TAYLOR                )
                                     )
    Plaintiff,               )
                                     )
      v.                   )    CA No. 1:12cv523
                                   )    (GBL/IDD)
REPUBLIC SERVICES, INC., *et al.*  )
                                   )
    Defendants.           )
_____)

**FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE JURY DEMAND**

Plaintiff Jennifer J. Taylor ("Ms. Taylor"), by counsel, further opposes the Motion to Strike Plaintiff's Jury Demand filed by the Defendants, Republic Services, Inc. ("Republic Services"), Republic Services of Virginia, LLC ("Republic Services of Virginia"), Jason Callaway ("Mr. Callaway"), Ronald Krall ("Mr. Krall"), Douglas Murphy ("Mr. Murphy") and Christopher Rains ("Mr. Rains") (collectively, "Defendants").

## SUMMARY OF ARGUMENT

Defendants' Motion to Strike Plaintiff's Jury Demand warrants denial because:

- None of the Defendants have Standing or Privity of Contract to Enforce the Allied Waste-Jennifer Taylor Jury Trial Waiver;

- The Application of the Jury Trial Waiver is Limited to Claims that Arose While Ms. Taylor was Employed by Allied Waste;

- All of the Defendants are Not Affiliates of Allied Waste.

Defendants have failed to produce any documents that would suggest that they stand in the shoes of Allied Waste and have the ability to enforce the Jury Trial Waiver on its behalf.  To the contrary, Republic Services' merger documents make clear that Allied Waste survived the

merger, continues to operate as it previously did, with the essential change being that Allied Waste stock was replaced with Republic stock.

Even if *all* of the Defendants, including each individual Defendant, had standing to enforce the Jury Trial Waiver on behalf of Allied Waste – which logically they cannot – the Jury Trial Waiver, by its express language, applies only to claims between Ms. Taylor and Allied Waste (which may include third parties) and to claims arising during, but not after, Ms. Taylor's employment with Allied Waste.   As such, the Jury Trial Waiver is inapplicable to the instant litigation between Ms. Taylor, the two Republic corporations and the individual Defendants.

Finally, Republic Services of Virginia and the individual Defendants are not "affiliates" of Allied Waste.  As such, the Jury Trial Waiver cannot reach Ms. Taylor's claims against those entities.

Accordingly, Ms. Taylor request that this Court deny Defendants' Motion to Strike and submit her claims to a jury for resolution.

## ARGUMENT

### 1.  Defendants Lack Standing to Enforce the Allied Waste-Jennifer Taylor Jury Trial Waiver as There is No Privity of Contract

Defendants have offered nothing to support that they have standing to enforce the Jury Trial Waiver to which they are neither promisors or promisees of the terms.   The Jury Waiver is solely between Jennifer Taylor and her former employer, Allied Waste, an entity that is not a party to this action and has no interest in this litigation.

Generally, a third party who is not a party to a contract does not have standing to enforce the rights of that contract.  *See Radosevic v. Va. Intermont College*, 651 F.Supp. 1037, 1038 (W.D. Va. 1987)("Generally one not a party to a contract does not have standing to sue for

breach of that contract.")[1]   Unless the Court finds that an exception to this common-law rule applies, a party who is neither a promisor nor promisee under a contract cannot sue under the terms of the agreement.  *See Triago v. Travelers Commercial Ins., Co., et al.*, 2010 U.S. Dist. LEXIS 92913, *14-15 (W.D. Va. 2010); *see also Blake Constr. Co., Inc. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987)(affirming that, where there was no contract between the general contractor and project architect, there was no privity of contract and demurrer to contractor's suit against the architect was appropriate); *see also Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 149, 374 S.E.2d 55 (1998)(holding the plaintiff homeowners' lack of privity with the architect and pool contractor of *their own home* was fatal to their claims).

Here, Defendants admit that Allied Waste is an entity that survived the merger and that continues today as a subsidiary of Republic Services.  *See* Affidavit of Republic's General Counsel and Assistant Secretary, Defs.' Mot. to Strike, Exh. 2, ¶ 3(a).  Defendant Republic Services has no basis to allege that it now stands in the shoes of its wholly owned subsidiary for purposes of attempting to enforce the alleged rights of Allied Waste.  It has no authority to sue for that entity – and it has produced none.

To the contrary, Republic's merger documents indicate that Allied Waste continued to operate as its own entity but that Republic acquired its shares of stock.  *See* Form 8-K of Republic Services, Inc. dated June 22, 2008, Att. 1 at Item 1.01, "Entry into a Material Definitive Agreement."  As such, there is no basis for any assertion that Republic Services, or any other Defendant, has standing to sue as though it is Allied Waste.

---

[1]  Republic and the Defendants cannot maintain that they are intended third party beneficiaries of the Jury Trial Waiver.  Neither Republic Services or Republic Services of Virginia had any relationship with Allied Waste at the time the Jury Trial Waiver was entered into.

In fact, Republic has never withdrawn its objection to providing specific merger documents in response to Plaintiff's discovery requests.   On July 26, 2012, Republic responded to Plaintiff's First Request for Production, Attachment 2, as follows:

> **Request For Production 41:  Please produce all documents relating to the merger between Allied Waste Services and Republic Services, Inc.**
>
> Objection to RFP 41:  Defendant objects to this Request as overbroad and unduly burdensome in that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant further objects to this Request to the extent that the information sought is not within its possession, custody or control.  Defendant objects to this Request because it is overbroad in the extreme.  As drafted, it is simply another example of Plaintiff's vexatious, harassing and wasteful litigation tactics.  There is no good faith basis for this type of Request and it should be withdrawn.
>
> Response:  Defendant stands on its objection to this Request.

Given that, in 2012, *four (4) years post-merger*, Republic took the position that it could not even produce documents from Allied Waste, it is inconceivable that it would now take the position that it has the ability to enforce agreements on behalf of Allied Waste.  (Republic cannot credibly maintain that it cannot produce its own documents).

As such, Defendants cannot show, and have offered nothing to support any claim they have standing to attempt to enforce Allied Waste's rights under the Jury Waiver.

**2.   The Jury Trial Waiver Applies Only to Litigation Between Ms. Taylor and Allied Waste and Does Not Apply To Claims That Occurred After Ms. Taylor's Employment with Allied Ended**

Even if Defendants could enforce the Jury Trial Waiver – which they lack standing and privity to do – the plain language of the Jury Trial Waiver makes clear that it is only applicable to claims between Ms. Taylor and Allied Waste, and to claims against Allied Waste that occurred during her employment with Allied Waste.

4

The intent and language of the contract relates only to claims that would have arisen between Ms. Taylor and Allied Waste during her employment with Allied Waste, as the preamble to the document makes clear.  The first paragraphs of the Jury Trial Waiver refer at length to Allied Waste's "internal complaint resolution procedures" – something that would only be applicable to claims against Allied Waste and has no application to the current claims against the two Republic Corporations or any individual defendant.  *See* Jury Trial Waiver, Att. 3 ¶ 1.

Furthermore, the Jury Trial Waiver refers only to disputes between Allied Waste and Jennifer Taylor:

> Because we believe that judges are best suited to resolve disputes *between you and the Company*, if you choose to sign this Agreement, the Company will also waiver its right to request or demand a jury trial with respect any lawsuit *between you and Company*.

*See* Jury Trial Waiver, Att. 3 ¶ 2 (Emphasis Added).[2]

Underscoring that the application of the Jury Trial Waiver is solely to those claims that arose during Ms. Taylor's employment, the document states that it applies to state and federal claims brought against Allied or related entities and that:

> This includes, but is not limited to, claims relating in any manner to your application for employment, your employment (and any of its terms or conditions), or your separation from the Company.

*See* Jury Trial Waiver, Att. 3 ¶ 3.

In addition, following the conclusion of Ms. Taylor's employment with Allied, there is no consideration for the contract as the consideration offered by Allied Waste to Ms. Taylor was her continued employment.

---

[2]  Given that Allied Waste was the only entity in existence at the time the Parties entered into this agreement, the "Company" referred to in the document is Allied Waste.  In addition, the lower left-hand corner of the document states, "Allied Waste Employment Application."  *See* Jury Trial Waiver, Att. 3 at 1.

"An enforceable contract requires mutual assent and mutual consideration." *See Powell v. Bank of Am., et al.*, 2011 U.S. Dist. LEXIS 141020, 5-6 (E.D. Va. 2011, Allen, J.) *citing Plaskitt v. Black Diamond Trailer Co.,*, 209 Va. 460, 164 S.E.2d 645 (1968). The only consideration offered to Ms. Taylor for this agreement was her employment with Allied, which has since ended:

> This document is a Jury Trial Waiver Agreement ("Agreement"). In exchange for the Company's consideration of your application for employment and your actual employment (if hired), you are being asked to sign this Agreement *as a condition of being employed by the Company*.

*See* Jury Trial Waiver, Att. 3 ¶ 2 (Emphasis Added); *see also* Jury Trial Waiver, Att. 3 ¶ 4("If you choose not to sign this Agreement, you will not be hired (or, if hired, you will not remain employed) by the Company.") Notably, there is no consideration at all from any Defendant to Ms. Taylor for her promises to Allied Waste in Jury Trial Waiver, and, thus, this bars any attempt by them to enforce the agreement.

Here, the instant lawsuit is not a dispute between Ms. Taylor and Allied Waste ("the Company"). Defendants have never contended, nor could they, that Allied Waste is an appropriate defendant or a necessary party. As such, the Jury Waiver, by its own language has no application to her lawsuit against the two Republic entities and the individual Defendants.

It is undisputed that Ms. Taylor signed the Jury Trial Waiver as part of her application for employment with Allied Waste. *See* Defs.' Br. at 2 (Plaintiff signed the one page Jury Trial Waiver as part of her employment application).

While Republic attempts to argue that the Jury Trial Waiver applies to all claims against any companies affiliated with Republic, it could only apply IF those claims were also made against Allied Waste <u>and</u> if they arose during Ms. Taylor's employment with Allied, or prior to the December 2008 merger. In fact, none of the claims are against Allied Waste and the vast

majority of Ms. Taylor's claims are premised on conduct that occurred following her exit from Allied Waste.  *See* (Compl.) ¶¶ 79-190.

As such, Ms. Taylor's claims are ripe for disposition by a jury and she has not waived her right to have those claims heard by a jury of peers.

### 3.   Neither Republic Services of Virginia, LLC of any Individual Defendant is an "Affiliate" Under the Plain Language or the Merger Agreements

Ms. Taylor filed her lawsuit against two corporate entities, Republic Services, Inc. and Republic Services of Virginia, LLC, and several employees.  *See* (Complaint).   Defendants cannot meet their burden of establishing in their Motion that Republic Services of Virginia and each individual defendant is an "affiliate" of Allied, as there is simply no support for such proposition.

As an initial matter, the Jury Trial Waiver that Ms. Taylor signed cannot apply to events that occurred after December 2008, when her employment with Allied Waste ended.  Following that period, neither Republic Services of Virginia or any individual defendant was an "Affiliate" of Allied Waste.

The Jury Trial Waiver that Ms. Taylor signed with Allied Waste Services, Inc. stated, Attachment 3:

> By the signing this Agreement, you waive your right to request or demand a jury trial with respect to any claims under federal or state laws (to the extent permitted by the law of the state in which you may be employed) that you may assert against Allied Waste Industries, Inc., its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and/or its current, former, and future employees, shareholders, officers, directors and agents ("the Company").  This includes, but is not limited to, claims relating in any manner to your application for employment, your employment (and any of its terms of conditions), or your separation from employment with the Company.

Notably, the language regarding "*current, former, and future*" which appears before "employees . . ." in the above language, does not appear before the term "affiliates," and thus

supports an argument that the terms were not contemplated to apply to "*future*" "affiliates" of the Company.  At the time the Agreement was signed, the "affiliates" of Allied Waste Industries, Inc., did not include Republic Services, Inc., Republic Services of Virginia, LLC, or any other defendant to this action.[3]

As defined in the Agreement and Plan of Merger between Republic Services, Inc. and Allied Waste, Republic Services, Inc. and Republic Services of Virginia are not "affiliates" of Allied:

> "Affiliate" means, with respect to any Person, another Person that directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with such Person.  For purposes of this definition, the term "control" (including the correlative terms "controlling," "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of manage policies of a Person, whether through the ownership of voting securities, by contract or otherwise.

*See* Agreement and Plan of Merger, Att. 4, at p. 1, Art. 1, (Definitions).

As to Republic Services of Virginia, and the individual Defendants, there is no evidence whatsoever for any proposition that they, through one or more intermediaries, control or are controlled by Allied Waste, or that they are under the common control of the same entity.  To the contrary, Republic Services of Virginia is a separate legal entity from Republic Services (who maintains it is a wholly-owned subsidiary).

Despite Defendants' attempt to claim that Republic Services and Republic Services of Virginia and the individual Defendants are one in the same for purposes of availing themselves to the Jury Trial Waiver, they took a different position regarding who should answer in litigation.

---

[3] Underscoring why Defendants lack standing to attempt to enforce the Jury Trial Waiver, any ambiguity would be construed against *Allied Waste* as the drafter, a party without any involvement in this litigation.  "Where a term is ambiguous, we must construe it against the drafter, and in accordance with the reasonable expectations of the [party impacted]." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 57 (4th Cir. Va. 1995)(citations omitted).

*See (Defs.' Ans. to Am. Compl., Dkt. No. 26),* FN.1 ("Republic Services is not an appropriate Party to this suit"); *see also* Let. from V. Robinson, Esq. dated Oct. 11, 2012, Att. 5 (. . . [D]efendants have indicated that the proper defendant is Republic Services of Virginia, LLC.")

Defendants have not produced anything to support that Republic Services of Virginia or any individual Defendant is an "affiliate" of Allied Waste.  As such, the Jury Trial Waiver does not apply to any of Ms. Taylor's claims against these Defendants.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike Plaintiff's Jury Demand, and for all other relief deemed appropriate.

November 13, 2012                    Respectfully submitted,

                                     */S/ CARLA D. BROWN*

                                     Elaine Charlson Bredehoft, VSB No. 23766
                                     ecb@cbcblaw.com
                                     Carla D. Brown, VSB No. 44803
                                     cbrown@cbcblaw.com
                                     CHARLSON BREDEHOFT COHEN
                                         BROWN & SAKATA, P.C.
                                     11260 Roger Bacon Drive, Ste. 201
                                     Reston, Virginia 20190
                                     (703) 318-6800  Telephone
                                     (703) 318-6808  Facsimile

                                     *Counsel for Plaintiff, Jennifer J. Taylor*

## **CERTIFICATE OF SERVICE**

I hereby certify on the 13th day of November 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

Raymond C. Baldwin, Esq.
Rbaldwin@Seyfarth.com
Virginia E. Robinson, Esq.
Verobinson@seyfarth.com
Seyfarth Shaw LLP
975 F. Street, NW
Washington, DC 20004
Telephone:  (202) 828-3583
*Counsel for Defendants*

*Counsel for Defendants, Republic Services, Inc., Republic Services of Virginia, LLC, Jason Callaway, Ronald Krall, Douglas Murphy and Christopher Rains*

/S/ *CARLA D. BROWN*

Elaine Charlson Bredehoft, VSB No. 23766
ecb@cbcblaw.com
Carla D. Brown, Virginia Bar No. 44803
cbrown@cbcblaw.com
CHARLSON BREDEHOFT COHEN
   BROWN & SAKATA, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800  Telephone
(703) 318-6808  Facsimile

*Counsel for Plaintiff, Jennifer J. Taylor*

10