IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JENNIFER TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00523-GBL-IDD |
| ) | |
| REPUBLIC SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendants Republic Services, Inc., Republic Services of Virginia, LLC, Jason Calloway, Ronald Krall, Douglas Murphy, and Christopher Rains's ("Defendants") Motion to Strike Plaintiff's Jury Demand (Doc. 59).

This is an employment discrimination action where Plaintiff Jennifer Taylor ("Plaintiff") has asserted claims against her former employer and co-workers for wrongful termination; tortious interference with business expectancy; gender discrimination; sexual harassment; hostile work environment; retaliation; and retaliatory discharge pursuant to Title VII of the Civil Rights Act of 1964. Defendants seek to strike Plaintiff's jury demand on the basis that she knowingly and voluntarily waived her right to trial by jury on all claims she asserts under state and federal law regarding her employment against any of her former employer's affiliates when she executed a jury trial waiver agreement as part of her employment application with her former employer. For the reasons stated below, the Court grants Defendants' Motion to Strike Jury Demand (Doc. 59) and strikes Plaintiff's jury demand.

## BACKGROUND

Plaintiff applied for a position with Allied Waste Industries, Inc. ("Allied") on May 7, 2007 (Doc. 60). As part of her employment application, Plaintiff executed a document titled

"Jury Trial Waiver Agreement" ("Agreement"). *Id.* The Agreement states, in pertinent part, the following:

> By signing this Agreement, you waive your right to request or demand a jury trial with respect to any claims under federal or state law (to the extent permitted by the law of the state in which you may be employed) that you may assert against Allied Waste Industries, Inc., its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and/or its current, former, and future employees, shareholders, officers, directors and agents ("the Company"). This includes, but is not limited to, claims relating in any manner to your application for employment, your employment (and any of its terms or conditions), or your separation from employment with the Company.
>
> You may choose to reject this Agreement. If you choose not to sign this Agreement, you will not be hired (or, if hired, you will not remain employed) by the Company. If you decide not to sign this Agreement today, you may take it with you and you may consult with any attorney of your choosing to discuss this Agreement before signing it. You may take as much time as you want to consider this Agreement, but you will not be considered for an open position until you have submitted a complete Application (including this Agreement).
>
> ***IMPORTANT*: BY SIGNING BELOW, I AGREE THAT I HAVE HAD AS MUCH TIME AS I WANTED TO CONSIDER THIS AGREEMENT AND THAT I UNDERSTAND I AM GIVING UP AND WAIVING MY RIGHT TO A JURY TRIAL KNOWINGLY, INTELLIGENTLY, VOLUNTARILY, AND FREE FROM DURRESS OR COERCION.**

(Doc. 60-1, p. 26) (emphasis in the original).

On December 5, 2008, Allied merged with RS Merger Wedge Inc., a wholly-owned subsidiary of Republic Services, Inc. ("Republic Inc.") (Doc. 60-2). As a result of the merger, Allied continued its existence as the surviving corporation of the merger and became a wholly-owned subsidiary of Republic Inc. *Id.* Three years later, Allied converted from a corporation to limited liability company, and remained a wholly-owned subsidiary of Republic Inc. *Id.*

In late 2008, Plaintiff was offered a position with Republic Services of Virginia, LLC ("RSVA"), a subsidiary of Republic, Inc. (Docs. 1-4, ¶¶ 77, 80; 60-2). Plaintiff continued to work for RSVA until her employment ended in September 2011 (Doc. 1-4, ¶¶ 77, 80).

2

In this action, Plaintiff asserts that she was subject to systematic gender discrimination, unwelcome sexual harassment and retaliation by her former employer and co-workers throughout her employment with Allied and RSVA (Doc. 1-4). Plaintiff's Amended Complaint contains a demand for jury trial. *Id.* at p. 54.

Defendants now move to strike Plaintiff's jury trial demand on the grounds that (1) Plaintiff knowingly and voluntarily executed a jury waiver as part of her employment application with Allied, and (2) each of the Defendants are "affiliates" of Allied, and therefore may enforce the waiver (Docs. 60, 65, 124). Plaintiff contends that the waiver is not enforceable because Defendants are not parties to the waiver, therefore, they do not have standing to enforce the waiver (Docs. 62, 116). Alternatively, Plaintiff argues that the waiver is limited to claims that arose while she was employed with Allied. *Id.*

The issue before the Court is whether Plaintiff has waived her right to a jury trial as it relates to all Defendants and claims encompassed within her Amended Complaint.

## STANDARD OF REVIEW

Rule 39(a)(2) of the Federal Rules of Civil Procedure provides that when a trial by jury is demanded, the case must be docketed as a jury action and a trial on all issues so demanded must be by jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Although the right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, the parties to a contract may waive this right. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986). For such a waiver to be valid, the party seeking its enforcement must establish that the waiver was knowing and voluntary. *Id.* at 833; *see also Lake James Community Volunteer Fire Dep't, Inc. v. Burke County, N.C.*, 149 F.3d 277, 280 (4th Cir.1998)("The contractual waiver of a

constitutional right must be a knowing waiver, must be voluntarily given, and must not undermine the relevant public interest in order to be enforceable."). Because the right to a jury trial is fundamental, court should "indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy* 301 U.S. 389, 393 (1937); *AttorneyFirst, LLC v. Ascension Entm't, Inc.*, 144 Fed. Appx. 283, 290 (4th Cir. 2005).

## ANALYSIS

The Court grants Defendants' Motion to Strike Jury Demand because the Plaintiff waived her right to trial by jury for all claims encompassed within her Second Amended Complaint. In order to determine whether Plaintiff's waiver was knowing and voluntary, the Court will consider the placement of the waiver provision, the bargaining position of the parties, the business experience of the parties, and the opportunity to negotiate or at least object to the provisions of the contract. *Leasing Serv. Corp.*, 804 F.2d at 833.

The Court finds that Plaintiff signed a valid waiver of jury trial. The jury waiver is written in clear and unambiguous language, and it is conspicuously set forth in a stand-alone, one-page document within the employment application (Doc. 60-1, p. 26). The six-paragraph document, titled in bold and capital letters, "**JURY WAIVER AGREEMENT**" explains unequivocally that by signing the Agreement, Plaintiff agreed to waive her right to request or demand a jury trial pertaining to any and all claims relating to her employment with Allied and "its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and/or its current, former, and future employees, shareholders, officers, directors and agents" defined as "the Company." *Id. See Dunkin' Donuts Franchised Restaurants LLC v. Manassas Donut Inc.*, No. 1:07-cv-446, 2008 WL 110474, at *3 (E.D.Va. January 8, 2008) (holding enforceable jury waiver provision listed in two places within the parties' agreement, in bold font and capital letters); *Hitachi Credit*

*Am. Corp. v. Signet Bank,* No. 3:96cv815, 1997 U.S. Dist. LEXIS 21499, at *28-29 (E.D.Va. May 12, 1997), *rev'd on other grounds*, 166 F.3d 614 (4th Cir. 1999) (holding enforceable jury waiver provision located on the eleventh page of a thirteen page document); *Gallo v. US Investigation Serv.*, No. 06-cv-0198, 2006 WL 1647194, at *2, (E.D. Va. June 8, 2006) (holding enforceable single-page, clearly titled and identified jury waiver). The Agreement is not one-sided, as it applies to both employer and employee alike. There is no evidence before the Court that Plaintiff did not possess sufficient education and experience to enter into the Agreement, nor has Plaintiff supplied any evidence to support a claim of unconscionability. Furthermore, Plaintiff admitted in her deposition that she knowingly and voluntarily signed the jury waiver, and that she could have had the Agreement reviewed by an attorney prior to her signing it (Doc. 60-1, pp. 5-13). Based upon the foregoing, the Court finds that Plaintiff has failed to cast doubt on the knowing and voluntary nature of her express waiver of the right to trial by jury.

Plaintiff also maintains that, because the waiver is contractual, it can only be enforced by parties to the contract. She contends that Defendants cannot invoke the waiver because they were not parties to the Agreement. However, the Agreement defines "the Company" as "Allied Waste Industries, Inc., its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and/or its current, former, and future employees, shareholders, officers, directors and agents" (Doc. 60-1, p. 26). While the term "affiliate" is not defined within the Agreement, the Court does not find the term to be ambiguous. As defined by Black's Law Dictionary, an "affiliate" is:

> 1. A corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation. 2. *Securities.* One who controls, is controlled by, or is under common control with an issuer of a security.

Black's Law Dictionary 67 (9th ed. 2009); *cf. Cox v. Shah*, Nos. 98-1357, 98-1378, 98-1739, 1999 WL 492664, at *8 (4th Cir. July 13, 1999) (noting that "[i]n standard legal parlance,

5

"affiliate denotes a close connection or association between two persons.") (quoting Black's Law Dictionary 58 (9th ed. 1990)). The documents provided by Defendants in support of the Motion clearly demonstrate that Defendants Republic Inc. and RSVA equally qualify as affiliates of Allied. *See* Docs. 60-2 (Declaration of the Vice President and Deputy General Counsel of Republic, Inc. avers that both Allied and RSVA are wholly-owned subsidiaries of Republic Services, Inc.); 65-1 (10-K form filed with the SEC by Republic Inc. dated February 17, 2012 identifies Allied and RSVA as subsidiaries of Republic Inc.). The fact that RSVA was not an affiliate of Allied at the time Plaintiff signed the Agreement is of no consequence, as the Agreement contains no language limiting the scope of the term "affiliate." Thus, it is undisputable that Republic Inc. and RSVA are "affiliates" of Allied under either definition. Republic Inc. and RSVA, as parties to the Agreement, may therefore enforce its terms.

Additionally, the Court concludes that Defendants Jason Callaway Christopher Rains, Ronald Krall, and Douglas Murphy, employees of Republic Inc. and RSVA, are encompassed within the terms of the Agreement, as each individual and entity falls within the definition of "current and future employers" as set forth in the Agreement. Accordingly, the Court finds that Plaintiff has waived her right to a trial by jury for all claims encompassed within her Amended Complaint.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 59). Accordingly, Plaintiff's jury demand is **STRICKEN**.

**IT IS SO ORDERED.**

ENTERED this 16th day of April, 2013. Alexandria, Virginia

4 / 16 / 2013

                                            /s/
Gerald Bruce Lee
United States District Judge