IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JENNIFER TAYLOR,             )
                                    )
     Plaintiff,            )
                                    )
     v.                      )        Case No. 1:12-cv-00523-GBL-IDD
                                    )
REPUBLIC SERVICES, INC., et al.,    )
                                    )
     Defendants.       )

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jennifer Taylor ("Ms. Taylor")'s Petition for

Attorneys' Fees and Costs (Doc. 295). This is an employment discrimination action. Ms. Taylor

brought Title VII and state law claims against her former employer and colleagues for gender

discrimination, sexual harassment and hostile work environment in violation of Title VII;

retaliation, retaliatory discharge and hostile work environment in violation of Title VII; common

law wrongful termination of employment for opposing or resisting criminal conduct; negligent

retention of employees; tortious interference with business expectancy; common law conspiracy;

and intentional infliction of emotional distress.   Following a five-day non-jury trial on Ms.

Taylor's claims for hostile work environment and retaliatory discharge, the Court returned a

verdict in favor of Ms. Taylor on her claim for retaliatory discharge only (Doc. 288).

Subsequently, Ms. Taylor filed this Petition for Attorneys' Fees and Costs.

There are three issues before the Court. The first issue is whether Ms. Taylor's attorneys'

fees represent a reasonable number of hours at a reasonable rate in litigating this employment

discrimination action. The second issue is whether the Court should reduce the proposed amount

of attorneys' fees due to Ms. Taylor's limited success in this action as a whole. The third issue is

whether the Court should grant in full Ms. Taylor's request for costs, which include taxable costs in the amount of $36,160.12 and non-taxable costs in the amount of $86,314.61.

The Court grants in part and denies in part Ms. Taylor's Petition for Attorneys' Fees and Expenses. The Court finds that the proposed fees represent a reasonable number of hours charged at a reasonable rate based upon the skill and experience of Ms. Taylor's counsel and the vigorous defense advanced by Defendants. The Court, however, must reduce the lodestar figure by 50 percent to reflect Ms. Taylor's limited success in this action. Thus, the Court awards Ms. Taylor $559,572.00 in attorneys' fees.

The Court also finds that Ms. Taylor is entitled to reasonable and necessary costs in the action. After careful consideration, the Court holds that Ms. Taylor is entitled to $18,080.06 in taxable costs and $42,907.30 in non-taxable costs, which constitutes a 50 percent reduction to reflect Ms. Taylor's limited success in this action.

## I.   BACKGROUND

This case concerns Ms. Taylor's claims that she was subject to systematic unwelcome sexual harassment by her former employer and co-workers for four years, which ultimately led to her termination of employment.[1]

On May 11, 2012, Ms. Taylor filed her Amended Complaint in this Court, asserting the following claims against Defendants Republic Services, Inc., Republic Services of Virginia, LLC, Jason Callaway, Ronald Krall, Douglas Murphy, Christopher Rains and Daniel E. Jameson: gender discrimination, sexual harassment and hostile work environment in violation of Title VII (Count I); retaliation, retaliatory discharge and hostile work environment in violation of Title VII (Count II); common law wrongful termination of employment for opposing or resisting

---

[1] The facts of this case are more fully described in the Court's sixty-page Memorandum Opinion and Order dated September 16, 2013 (Doc. 288).

criminal conduct (Count III); negligent retention of employees (Count IV); tortious interference with business expectancy (Count V); common law conspiracy (Count VI); and intentional infliction of emotional distress (Count VII).  Ms. Taylor requested compensatory, punitive and equitable relief.

The parties vigorously litigated this action.  On August 17, 2012, the Court granted Defendants' Motion to Dismiss as to Counts III, IV, VI and VII, dismissing Ms. Taylor's claims for common law wrongful termination of employment for opposing or resisting criminal conduct, negligent retention of employees, tortious interference with business expectancy and intentional infliction of emotional distress. On December 14, 2012, the Court granted Ms. Taylor's Motion for Reconsideration and reinstated Count III, Ms. Taylor's claim for common law wrongful termination of employment for opposing or resisting criminal conduct.  At the summary judgment stage, only Counts I, II, III and V remained.  On December 20, 2012, the Court granted Defendants' Motions for Summary Judgment on Counts I and V of the Amended Complaint and Partial Summary Judgment on Count II of the Amended Complaint, dismissing Ms. Taylor's claims for gender discrimination, various claims of retaliation and tortious interference with business expectancy.  The Court subsequently granted Defendants' Motion for Summary Judgment on Ms. Taylor's claim for common law wrongful termination of employment for opposing or resisting criminal conduct in Count III of the Amended Complaint.

On May 6, 2013, the Court conducted a five-day nonjury trial on Ms. Taylor's remaining claims for hostile work environment and retaliatory discharge.  On September 16, 2013, the Court issued its ruling, holding that

(1) Judgment is entered in favor of Defendants Republic Services, Inc. and Republic Services of Virginia, LLC and against Plaintiff Jennifer Taylor on the claim of hostile work environment as stated in Count I of the Amended Complaint;

3

(2) Judgment is entered in favor of Plaintiff Jennifer Taylor and against Defendant Republic Services, Inc. on the claim of retaliatory discharge as stated in Count II of the Amended Complaint; and

(3) Plaintiff Jennifer Taylor is awarded damages against Defendant Republic Services, Inc. on Count II of the Amended Complaint in the amounts set forth below:

<div style="margin-left:2em">

(a) Back pay damages in the amount of $377,734 pursuant to Title VII of the Civil Rights Act of 1964;

(b) Front pay damages in the amount of $804,791 pursuant to Title VII of the Civil Rights Act of 1964;

(c) Compensatory damages in the amount of $50,000 pursuant to 42 U.S.C. § 1981a(b)(3); and

(d) Reasonable attorneys' fees and costs in an amount to be determined in a subsequent order.

</div>

(Doc. 288).

On September 30, 2013, Ms. Taylor filed this Petition for Attorneys' Fees and Costs (Doc. 295). Ms. Taylor seeks $1,119,144.00 in attorneys' fees; non-taxable costs and expenses in the amount of $86,314.61[2]; and taxable costs in the amount of $36,160.12 (Docs. 296; 310). In total, Ms. Taylor is requesting $1,241,618.73 in attorneys' fees and costs. *Id.* Defendants Republic Services, Inc. and Republic Services of Virginia, LLC ("Defendants")[3] assert numerous challenges to Ms. Taylor's motion. First, Defendants contend that Ms. Taylor was not the prevailing party in this action as Defendants prevailed on six of the seven claims pursued in this action. Second,

---

[2] In the Reply in Support of the Petition for Fees and Costs, Ms. Taylor concedes an error in her calculation of non-taxable costs, and reduces her request from $103,023.61 to $86,314.61 (Doc. 310).

[3] Defendants Republic Services, Inc. and Republic Services of Virginia, LLC jointly responded to Ms. Taylor's Petition for Attorneys' Fees and Costs. Because judgment was entered against Defendant Republic Services, Inc. only, the award of attorneys' fees and costs herein is against Defendant Republic Services, Inc..

Defendants argue that Ms. Taylor's attorneys' fees rates are inflated and should be reduced. Third, Defendants proclaim that Ms. Taylor's fee petition includes unnecessary charges related to unsuccessful claims. Fourth, Defendants argue that the costs sought by Ms. Taylor are factually unsupported, related to her unsuccessful claims, and are therefore not recoverable.

## II. STANDARD OF REVIEW

Title VII expressly provides that a district court "[i]n its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs [of a Title VII action] ...." 42 U.S.C. § 2000e–5(k). To determine the appropriate amount of attorney's fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). In determining the reasonableness of the number of hours and the rate, the district court should be guided by the twelve *Johnson/Barber* factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Id.* at 243-44 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)) (explaining that the Fourth Circuit has adopted the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). When considering the *Johnson/Barber* factors, the court need neither robotically list each factor nor comment on inapplicable factors.

*Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 376 (4th Cir. 1996).

The court then "subtracts the fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244. Lastly, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (quoting *Grissom,* 549 F.3d at 321 (4th Cir. 2008)) (alteration in original). Because the "degree of success obtained by the plaintiff is the 'most critical factor' in determining the reasonableness of a fee award, the district court 'may simply reduce the award to account for the limited success.'" *Lilienthal v. City of Suffolk*, 322 F. Supp. 2d 667, 675 (E.D. Va. 2004) (quoting *Hensley*, 461 U.S. at 436–37). There is no "precise rule or formula for making this reduction to the lodestar amount"; however, the court may either reduce the overall award "to account for limited success" or "identify specific hours that should be eliminated." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

### III. DISCUSSION

#### A. ATTORNEYS' FEES

The Court grants in part and denies in part Ms. Taylor's Petition for Attorneys' Fees and Costs. The Court finds that attorneys' fees in the amount of $1,119,144.00 are reasonable both in terms of hours and rates. The Court, however, must reduce the fee request by 50 percent to reflect Ms. Taylor's limited success in this action as a whole.    Accordingly, the Court finds $559,572.00 in attorneys' fees to be appropriate based upon consideration of the *Johnson/Barber* factors and the standard set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

### 1.   The Prevailing Party

The Court finds that, as a prevailing party, Ms. Taylor is entitled to reasonable attorneys'

fees.  Whether Ms. Taylor is entitled to recover attorneys' fees in this action turns on whether

she is a "prevailing party" within the meaning of 42 U.S.C. § 2000e-5(k).  The Supreme Court

has broadly construed the term "prevailing party." *See Truesdell v. Phila. Hous. Auth.*, 290 F.3d

159, 163 (2002) (citing *Hensley*, 461 U.S. at 433). A "prevailing party" is a party that succeeds

on any significant issue in litigation and attains some of the benefit sought in bringing suit.

*Hensley*, 461 U.S. at 433.  Despite the fact that Ms. Taylor was only successful on one of her

seven claims before the Court, she nonetheless is a prevailing party as she succeeded on her

claim for retaliatory discharge and was awarded a judgment in the amount of $1,232,525.00.  As

such, Ms. Taylor is entitled to recover reasonable attorneys' fees.

### 2.   Calculation of the Lodestar Figure

#### a.   Hourly Rate

The Court finds that Ms. Taylor's proposed hourly rate is reasonable based upon the

declarations of lead counsel and supporting declarations of practitioners from the Washington,

D.C. and Northern Virginia legal market, and based upon the 2011 Range of Hourly Rates for

Northern Virginia that has been adopted by this Court in two recent cases.

The determination of the hourly rate is the critical inquiry in assessing a reasonable fee,

and the burden is on Ms. Taylor to demonstrate that the rate requested is reasonable.  *Robinson*,

560 F.3d at 244.  To meet this burden, Ms. Taylor must provide not only affidavits of her own

attorneys, but also "specific evidence of the prevailing market rates in the relevant community

for the type of work for which [she] seeks an award." *Id.* (quoting *Plyler v. Evatt*, 902 F.2d 273,

277 (4th Cir. 1990)).  Specific evidence that is "sufficient to verify the prevailing market rates

[includes] affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245.

Ms. Taylor was represented by Charleson Bredehoft Cohen & Brown, P.C. of Reston, Virginia, and seeks a fee award for 2,082.9 hours of attorney time and 606.4 hours of paralegal time based upon the following rates:

**Table 1: Ms. Taylor's Requested Hourly Rates**

| Attorney | Experience (years) | Rate (per hour) |
|---|---|---|
| Elaine C. Bredehoft | 29 | $550 through 3/31/13; $600 thereafter |
| Carla D. Brown | 14 | $475 |
| Brian A. Scotti | 9 | $425 |
| Heather Austin Jones | 11 | $545 |
| Kathleen Z. Quill | 17 | $400 |
| Daphne Shih Gebauer | 6 | $375 through 11/4/12; $400 thereafter |
| Aseil Abu-Baker | 3 | $325 |
|  |  |  |
| **Paralegals** |  |  |
| Kathy M. Baker | 30 | $250 |
| Leslie A. Hoff | 23 | $250 |
| Alexandra C. Bredehoft | 1 | $135 |
| Abbas A. Sabur | 1 | $135 |

Doc. 296-2. In support of her contention that the hourly rates she seeks are consistent with the prevailing market rates in this district, Ms. Taylor submitted declarations from her lead counsel, Ms. Carla Brown and Ms. Elaine C. Bredehoft, setting forth in detail their credentials and experience, as well as the qualifications of associate counsel. In particular, Ms. Bredehoft has practiced law for twenty-nine years and has been the sole or lead counsel for the prevailing party in twenty-three employment discrimination cases in federal and state courts throughout Northern Virginia (Doc. 296-18). Ms. Brown has fourteen years of experience handling employment

related matters in state and federal courts throughout Virginia. *Id.* Ms. Bredehoft and Ms. Brown aver that the rates requested represent "the standard hourly rate charged for all clients represented on other than a contingent-fee or full or partial *pro bono* basis" (Docs. 296-1; 296-18).

Ms. Taylor also provides the declarations of two experienced Washington, D.C.-based employment litigation attorneys, Debra S. Katz and Nicholas Woodfield, who attest to the reasonableness of the rates charged by Ms. Taylor's counsel in comparison to the rates identified in the *Laffey*[4] and Adjusted *Laffey* Matrices (Docs. 296-19; 296-20).

Additionally, Ms. Taylor includes the declaration of prominent Northern Virginia-based civil litigation attorney Craig C. Reilly (Doc. 296-21). Mr. Reilly, an expert on legal fees in Northern Virginia, prepared a matrix of hourly rates for complex civil litigation in Northern Virginia, which was adopted by this Court in *Vienna Metro v. Pulte Home Corp.*, Case No. 1:10-cv-00502, and *Tech Systems, Inc. v. Pyles*, Case No. 1:12-cv-00374. *Id.* The rates set forth in the *Vienna Metro* Matrix are as follows:

**Table 2: *Vienna Metro* Matrix**

**2011 Range of Hourly Rates in Northern Virginia**

| Paralegal | Years of Experience | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|-----------|---------------------|-----|-----|------|-------|-----|
| $130-350 | Hourly Rate | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

(Doc. 296-21).

While the *Laffey* and Adjusted *Laffey* Matrices may be useful references for determining a reasonable hourly rate in this region, they are neither sufficient to show the reasonableness of

---

[4] The *Laffey* Matrix is statement of market attorneys' fee rates for the Washington–Baltimore area published and periodically updated by the United States Attorney's Office for the District of Columbia. *See Robinson*, 560 F.3d at 244.

an hourly rate nor are they controlling in this Court. *See Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009) ("[T]he *Laffey* matrix is a useful starting point to determine fees, not a required referent") (citing *Grissom*, 549 F.3d at 322). For this reason, and despite Defendants' contentions to the contrary, the Court finds that the *Vienna Metro* Matrix, not the *Laffey* Matrices, applies in this action.

Having carefully reviewed the submissions of the parties, the Court finds that the hourly rates sought by Ms. Taylor's counsel fall well within the prevailing hourly rates charged by attorneys in the Eastern District of Virginia of similar experience. Thus, the Court will apply the rates requested by Ms. Taylor's as set forth in Table 1.

### b.      Number of Hours Expended

The Court finds that the number of hours expended by Ms. Taylor's counsel to be reasonable given the amount in controversy and the results obtained, the novelty and difficulty of the questions presented and the time and labor expended on the litigation as a whole.

The second step in the lodestar analysis is to determine what hours were reasonably expended on the litigation. In calculating this, the Court should exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims. *Hensley*, 461 U.S. at 433-34.

Ms. Taylor seeks fees in the following amount:

### Table 3: Ms. Taylor's Requested Fees

| **Individual** | **Hours** | **Adjusted Hours** | **Hourly Rate** | **Total Fee** |
|---|---|---|---|---|
| Elaine C. Bredehoft | 324.8 | 131.8 hours at $550 rate; 19.3 hours at $600 rate | $550 through 3/31/13; $600 thereafter | $188,290.00 |
| Carla D. Brown | 1,133.3 | 1,1099 | $475 | $522,025.00 |

| Brian A. Scotti | 480 | 449.4 | $425 | $190,995.00 |
|---|---|---|---|---|
| Heather Austin Jones | 30.4 | 30.4 | $545 | $13,680 |
| Kathleen Z. Quill | 27.6 | 27.6 | $400 | $11,040.00 |
| Daphne Shih Gebauer | 126.3 | 59.6 hours at $375 rate; 55.4 hours at $400 rate | $375 through 11/4/12; $400 thereafter | $44,510.00 |
| Aseil Abu-Baker | 44.6 | 44 | $325 | $14,300 |
| Kathy M. Baker | 45.1 | 44.3 | $250 | $11,075.00 |
| Leslie A. Hoff | 433.2 | 411.7 | $250 | $102,925.00 |
| Alexandra C. Bredehoft | 107.9 | 107.9 | $135 | $14,566.50 |
| Abbas A. Sabur | 42.5 | 42.5 | $135 | $5,737.50 |
|  |  |  | **TOTAL** | **$1,119,144.00** |

(Docs. 296-1; 296-2).

Compiling raw totals of hours spent, however, does not complete the inquiry. It does not follow that the amount of time actually expended is the amount of time reasonably and justifiably expended. A court must ensure that the prevailing attorneys have exercised "billing judgment." *Hensley*, 461 U.S. at 434. Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Time that is "excessive, redundant, or otherwise unnecessary" should be excluded. *Id.* The Court will consider three *Barber/Johnson* factors—the time and labor expended; the novelty and difficulty of the case; and the amount in controversy and the results obtained—in assessing the reasonableness of the hours claimed by Ms. Taylor's counsel.

### i.  Amount in Controversy and Results Obtained

Ms. Taylor originally asserted seven claims against seven defendants for gender discrimination, sexual harassment and hostile work environment in violation of Title VII (Count I); retaliation, retaliatory discharge and hostile work environment in violation of Title VII (Count II); common law wrongful termination of employment for opposing or resisting criminal conduct (Count III); negligent retention of employees (Count IV); tortious interference with business expectancy (Count V); common law conspiracy (Count VI); and intentional infliction of emotional distress (Count VII).  Looking at Ms. Taylor's claims in this fashion, it is clear that she prevailed on only one claim against only one defendant.

Early in the case, Defendants prevailed on their Motion to Dismiss, which resulted in the dismissal of Ms. Taylor's claims for (1) wrongful termination in violation of public policy, (2) negligent retention of employees, (3) common law conspiracy, and (4) intentional infliction of emotional distress.  Defendants then went on to prevail on several Partial Motions for Summary Judgment, which resulted in judgment against Ms. Taylor on her claims for (1) tortious interference with business expectancy, (2) gender discrimination, and (3) retaliation on Ms. Taylor's theories, other than retaliatory discharge.  Ms. Taylor proceeded to trial on her claims for retaliatory discharge and sexual harassment hostile work environment. She ultimately succeeded only on her claim for retaliatory discharge and was awarded back pay damages in the amount of $377,734, front pay damages in the amount of $804,791 and compensatory damages in the amount of $50,000.

Although attorney's fees should not be awarded for time spent litigating (or preparing to litigate) unsuccessful, severable claims, they may be awarded for time spent on unsuccessful claims if such claims are interconnected to the successful claims, i.e., the claims rest on the same

facts or related legal theories. *Hensley*, 461 U.S. at 435. Defendants argue that Ms. Taylor's attorneys are not entitled to fees for time expended on her unsuccessful claims, which they assert, are distinct and unrelated. This Court disagrees. All of Ms. Taylor's claims in this action—her Title VII claims for hostile work environment, sexual harassment retaliation, retaliatory discharge and gender discrimination, as well as her state law claims for wrongful termination in violation of public policy, negligent retention of employees, tortious interference with business expectancy civil conspiracy, common law conspiracy and intentional infliction of emotional distress—arise from a common nucleus of facts and are based on related legal theories. In support of her retaliatory discharge claim, Ms. Taylor had to establish that her employment was terminated as a result of her engagement in protected activity in violation of Title VII. This necessarily required Ms. Taylor to proffer evidence regarding the conduct she resisted, opposed and complained of. Similarly, Ms. Taylor's claims against the individual defendants were premised on their alleged participation in the harassment and their alleged attempts to punish her for complaining of harassing conduct. Thus, the Court finds that that each of Ms. Taylor's claims are substantially interrelated and declines to reduce Ms. Taylor's fee request as it relates to the time expended on her unsuccessful claims.[5]

### ii. Novelty and Difficulty of Questions Raised / Time and Labor Expended

As mentioned previously, this was an employment discrimination action that involved Title VII and state law claims. While this case did not involve particularly novel or difficult

---

[5] The Court notes Ms. Taylor's submission that she voluntarily excluded 106.1 hours of attorney time and 22 hours of paralegal time which, she claims, reflects "time expended on claims that were either dismissed by the Court on summary judgment, or on which plaintiff was not the prevailing party at trial" (Doc. 296-1). Ms. Taylor also attests that she does not seek an award for those time keepers that had "only peripheral involvement in the case" which resulted in a reduction of 35.7 hours of attorney time and 12.9 hours of paralegal time. *Id.*

legal or factual issues, it did involve an overwhelming number of documents and discovery. For example, Defendants filed one motion to dismiss, three motions for summary judgment, a motion for sanctions based upon alleged spoliation of evidence, and a vigorously fought motion to strike Ms. Taylor's jury demand. Responding to each motion undoubtedly required great efforts on the part of Ms. Taylor's attorneys. As such, this factor supports the reasonableness of the hours expended by Ms. Taylor's counsel.

Having considered the relevant *Johnson/Barber* factors, the Court finds the lodestar amount of $1,119,144.00 to be appropriate.

### 3.    Adjustment of the Lodestar Figure

The Court finds that a 50 percent reduction of the lodestar figure is appropriate to account for Ms. Taylor's limited success in this action.

The calculation of the lodestar figure does not end the Court's inquiry. Although there is a "strong presumption that the lodestar calculation yields a reasonable attorneys' fees award," *Hensley* directs courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," 461 U.S. at 435, and outlines a spectrum of potential outcomes: "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* But *Hensley* also recognized that the full lodestar may constitute an "excessive" fee award where the "plaintiff has achieved only partial or limited success." *Id.* at 436. *Hensley* specifically noted that, "[t]his will be true even where the plaintiff's claims [are] interrelated, nonfrivolous, and raised in good faith," because "Congress has not authorized an

award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill." *Id.*

To determine an appropriate award in a case in which the plaintiff does not achieve complete success, the Fourth Circuit has relied upon the process outlined by the Supreme Court in *Hensley. See Johnson v. City of Aiken*, 278 F.3d 333, 336–37 (4th Cir. 2002) (citing *Hensley*, 461 U.S. 433). *Hensley* instructs that where a party has succeeded in only some of her claims for relief, as is the case here, a court should consider (1) whether the successful claims are related to the unsuccessful claims, and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

With respect to the first factor, the Court has already determined that the unsuccessful claims for retaliation, hostile work environment, gender discrimination, wrongful discharge in violation of public policy, negligent retention of employees, civil conspiracy, intentional infliction of emotional distress, and tortious interference with business expectancy involve significantly overlapping facts, and are thus related to Ms. Taylor's successful claim for retaliatory discharge. Therefore, the Court will not deviate from the lodestar figure due to Ms. Taylor's failure on her unsuccessful claims.

With respect to the second factor, a court has discretion to adjust the attorneys' fees from the lodestar figure based upon the significance of the overall relief obtained by plaintiff in relation to the hours reasonably expended on litigation. *Hensley*, 461 U.S. at 435. If a plaintiff has achieved only limited or partial success, the lodestar figure may be an excessive amount. *Id.* at 436. "This will be true even where plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* In making adjustments on this basis, a court may attempt to identify

15

specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. *Id.* However, a court cannot calculate what constitutes a reasonable award of attorney's fees by utilizing a mathematical formula that compares the successful to the unsuccessful claims because, as *Hensley* instructs, "[t]here is no precise rule or formula for making these [fee] determinations." 461 U.S. at 436. Here, Ms. Taylor's success in this case was unquestionably limited. She presented seven distinct claims against seven defendants.  Ms. Taylor succeeded on only one claim against one defendant. While she was awarded a substantial sum on her claim for retaliatory discharge, Ms. Taylor's failure on the remaining six counts precluded her from achieving the full measure of success she sought in the lawsuit.  The fact that Ms. Taylor did not prevail against the majority of defendants nor on the claims she clearly deemed an important part of her case, indicates that a reduction is appropriate. *Id.* at 440 ("A reduced fee is appropriate if the relief, however significant, is limited in comparison to the scope of litigation as a whole.").  In the exercise of discretion, the Court will apply an across-the-board percentage cut to reduce the lodestar figure, rather than eliminate specific hours from Ms. Taylor's fee request because of the difficulty in parsing with a scalpel each item of each time entry submitted. Thus, this Court will reduce Ms. Taylor's fee award by 50 percent, resulting in a fee award of $559,572. *See Bennett v. CSX Transp., Inc.*, 905 F.Supp.2d 704, 710 (E.D.N.C. 2012) (lodestar amount was reduced by 50 percent to reflect plaintiff's limited success); *Miller v. Pilgrim's Pride Corp.*, Case No. 5:05cv00064, 2007 WL 2570219, at *7 (W.D. Va. Aug. 31, 2007) (same); *Lilienthal*, 322 F. Supp. 2d at 675 (lodestar figure reduced by 40 percent to account for plaintiff's partial success).

For these reasons, the Court determines that a lodestar figure of $559,572.00 is reasonable.

16

**B. COSTS**

The Court finds that Ms. Taylor is entitled to taxable costs in the amount of $36,120.12 and non-taxable costs in the amount of $86,314.61 because these costs are sufficiently documented and were necessarily incurred in litigating this action. The Court, however, reduces the overall cost award by 50 percent to reflect Ms. Taylor's limited success in this action.

Unless otherwise directed, costs—other than attorneys' fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d). Rule 54 does not grant the district court "unrestrained discretion to reimburse the winning litigant for every expense he has seen fit to incur." *Farmer v. Arabian Am. Oil. Co.*, 379 U.S. 227, 234 (1964). Accordingly, the court may only tax those costs authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987). However, the court has wide latitude to award costs, so long as the costs are enumerated in the general taxation-of-costs statute, 28 U.S.C. § 1920. *Id.* Moreover, the Fourth Circuit has held that Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs. *Fells v. Virginia Dep't of Transp.*, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)).

Pursuant to 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk of court and marshal; (2) court-reporter fees for all or any part of stenographic transcripts "necessarily obtained for use" in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers "necessarily obtained for use" in the case; (5) docket fees; and (6) compensation for court appointed experts.

**1. Prevailing Party**

As discussed *supra* in Section A.1, the Court finds that Ms. Taylor is a prevailing party in this action, as she succeeded on her claim for retaliatory discharge. Thus, Ms. Taylor is entitled

to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).  However, as the

prevailing party, Ms. Taylor bears the burden of demonstrating that the costs are allowable under

§ 1920.  *See Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing

party has met this burden, the burden shifts to the party or parties that did not prevail to identify

any impropriety in taxing the proposed costs. *Id.*

        2.      **Costs Related to Unsuccessful Claims**

        As discussed *supra* in Section A.b.i, the Court finds that Ms. Taylor's successful and

unsuccessful claims arise from a common core of facts and are based on related legal theories.

Therefore, the Court will not subtract from Ms. Taylor's request those costs incurred on her

unsuccessful claims.

        3.      **Taxable Costs**

        After a careful review of the submissions of the parties, the Court finds that the

$36,160.12 in taxable costs Ms. Taylor seeks are warranted.  Her request may be broken down as

follows:

**Table 4:  Ms. Taylor's Bill of Costs**

| Bill of Costs Item | Taxable Costs |
|---|---|
| Fees for the Clerk | $    346.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:<br>Pretrial Hearing Transcripts<br>Trial Transcript<br>Deposition Transcripts | $ 27,350.01<br>($1,363.00)<br>($2,352.00)<br>($23,635.01) |
| Witness Fees | $    650.00 |
| Fees for exemplification and the costs of making copies of any materials where copies where necessarily obtained for use in the case | $ 7,786.61 |
| Docket fees under 28 U.S.C. § 1923 | $      27.50 |
| **TOTAL** | **$ 36,160.12** |

(Doc. 294).

18

Defendants object to nearly every fee sought by Ms. Taylor. First, Defendants argue that the expenses related to the pretrial hearings are not recoverable as the pretrial hearing transcripts were not used at trial. Second, Defendants contend that the expenses related to copying costs and trial transcripts are not recoverable because they were prepared solely for the convenience of Ms. Taylor's counsel. Third, Defendants object to the witness fees because none of the witnesses whom Ms. Taylor subpoenaed testified at trial (Doc. 300).

### a.     Pretrial Hearing and Trial Transcripts

Ms. Taylor seeks $1,363 in costs incurred on seven pretrial hearing transcripts and $2,352 for trial transcripts. (Doc. 294). Under § 1920(2), fees of the court reporter for all or part of the stenographic transcript may be taxed when it "was necessarily obtained for use in the case, that is, whether it was necessary to counsel's effective performance and proper handling of the case." *See Bd. of Dir., Water's Edge, v. Anden Group*, 135 F.R.D. 129, 136 (E.D. Va. 1991); *Marcoin, Inc. v. Edwin K. Williams & Co.,* 88 F.R.D. 588, 590 (E.D. Va. 1980) (finding that costs of pretrial transcript of hearing on plaintiff's motion to compel answers to interrogatories should be taxed). Ms. Taylor states that the pretrial hearing transcripts were used during discovery and assisted in her preparation for trial (Doc. 308). Ms. Taylor also attests that the trial transcript was necessary for a post-trial briefing that the Court requested in response to two new United States Supreme Court decisions that had a direct impact on the issues before the Court. *Id.*

The Court finds that Ms. Taylor has satisfied her burden in demonstrating that the pretrial hearing and trial transcripts were necessary for trial, and awards Ms. Taylor full costs for these transcripts.

**b.     Deposition Transcripts**

Ms. Taylor seeks $23,635.01 in costs incurred for twenty-two deposition transcripts. The Fourth Circuit recognizes that an award costs for deposition transcripts is proper when the taking of a deposition is reasonably necessary at the time of its taking. *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987); *see also Cofield,* 179 F.R.D. at 518; *Jop v. City of Hampton,* 163 F.R.D. 486, 488 (E.D. Va. 1995). It is not necessary for the information from the deposition to be used at trial. *Cofield,* 179 F.R.D. at 518; *Scallet v. Rosenblum,* 176 F.R.D. 522, 526 (W.D. Va. 1997); *see also Water's Edge*, 135 F.R.D. at 132-34. Even if it is not used at trial, "[a] deposition taken within the proper bounds of discovery" is normally "deemed to be 'necessarily obtained for use in the case.'" *Cofield*, 179 F.R.D. at 518. The only requirement is that the information be "relevant and material" for the preparation in the litigation. *Id.*; *Ford v. Zalco Realty, Inc.,* 708 F. Supp. 2d 558, 562 (E.D. Va.2010). Thus, an award of costs is proper when the material is "necessary to counsel's effective performance and proper handling of the case." *Marcoin,* 88 F.R.D. at 590.

Ms. Taylor claims that information from six out of thirteen deposition transcripts, at issue, were used at the trial. While the remaining seven depositions were not used at trial, Ms. Taylor argues that at the time the depositions occurred, she deemed the testimony necessary to flesh out her claims at trial (Doc. 308).

The Court finds that Ms. Taylor's depositions were necessary for preparation of trial at the time they were taken. The fact that only five out of thirteen witnesses testified or that only excerpts from two of the depositions were admitted into evidence is not fatal to Ms. Taylor's claim. Thus, the Court will allow $23,635.01 in costs for deposition transcripts.

####    c.    **Witness Fees**

Ms. Taylor seeks $650 in costs incurred in serving subpoenas on various witnesses who were subpoenaed for the first trial setting, which was postponed at Defendants' request, as well as the second trial setting (Doc. 308). Defendants argue that these costs are not recoverable because Ms. Taylor can prove only that she served trial subpoenas on two witnesses—Ms. Lilenfeld and Ms. Tiangco and a deposition subpoena for Ms. Tiangco for the operative trial dates (Doc. 300). Defendants have submitted copies of the subpoenas for the two witnesses (Doc. 300-1). Defendants argue that Ms. Taylor has not provided any supporting documentation, other than a request to issue checks by her counsel, that subpoenas were issued for any other witnesses (Doc. 300). Because Ms. Taylor has not offered any other supporting documentation or evidence that the witnesses were vital to her prevailing claim, Defendants request that the Court deny in full her request to recoup costs for witness fees. *Id.*

Section 1920 provides that a court may tax "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). Under § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). The $40-per-day allowance applies to both witnesses subpoenaed to testify at trial and witnesses who are in attendance "before any person authorized to take his deposition pursuant to any rule or order of a court of the United States." 28 U.S.C. § 1821(a)(1). A prevailing party is entitled to a $40-per-day attendance fee for a witness attending a deposition. *Scallet,* 176 F.R.D. at 527–28. The prevailing party may also recover costs for fees, mileage, and subsistence of witnesses who appeared, and those who, believed to be necessary, appeared but did not testify. *Int'l Wood Processors v. Power Dry, Inc.,* 598 F.Supp. 299, 304-45 (D.S.C.1984), *aff'd,* 792 F.2d 416 (4th Cir. 1986).

A careful review of the invoices attached to Bill of Costs reveals documentation verifying that Ms. Taylor's counsel issued eight checks in the amount of $75 to witnesses and $50 for a deposition subpoena for one witness totaling $650. (Doc. 294-1). Contrary to Defendants' argument that Ms. Taylor only shows a request for issuance of checks by her counsel, Ms. Taylor's documentation also includes check numbers and amounts for the checks. *Id.*

Further, Ms. Taylor has explained that two sets of witnesses were subpoenaed because the first trial was postponed at Defendants' request. (Doc. 308). She has provided evidence of payments to the witnesses by attaching the e-mails with the names of the witnesses requesting that the checks be issued and a copy of the check numbers with the amounts of the check. (Doc. 294-1). As long as these witnesses where either subpoenaed to testify at trial or were in attendance "before any person authorized to take his deposition pursuant to any rule or order of a court of the United States," the fees that Ms. Taylor's counsel paid to them is properly taxable under sections 1920 and 1821. Accordingly, the Court will allow $650 in costs for witness fees.

### d. Copying Costs

Ms. Taylor seeks $7,786.61 in costs incurred for exemplification and copies of papers necessarily obtained for use in the case (Doc. 294). Ms. Taylor itemized the copying costs as follows: print electronic data received in discovery from Defendants ($768.15); trial exhibits ($5,973.71); and internal copying costs for initial set of Ms. Taylor's trial exhibits and additional set of Defendant's exhibits for use by counsel and which were used by witnesses at the trial ($1,044.75) (Docs. 294; 308).

Under 28 U.S.C. § 1920(4), a court may tax fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. The statutory term "materials" is interpreted broadly to include papers, graphs, charts,

photographs and other like materials used as exhibits. *See Water's Edge,* 135 F.R.D. at 137. "Photocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Id.*; *Ford,* 708 F. Supp. 2d at 562. The party seeking recovery of photocopying costs bears the burden of demonstrating the reasons for each copying charge. *Ford,* 708 F. Supp. 2d at 562; *see Synergistic Int'l, LLC v. Korman,* 2007 WL 517676, at *5 (E.D. Va. Feb. 8, 2007).

Here, Ms. Taylor maintains that all of the exhibits she proffered at trial related to her claims before the Court, and that the vast majority of the exhibits marked by the parties were offered at trial. (Doc. 308). Attached to her Bill of Costs are invoices documenting the amount spent on copies (Doc. 294-1). The Court finds that the reproduction of print electronic data, trial exhibits, and internal copies of trial exhibits, including color copies, were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Accordingly, the Court awards $7,786.61 in copying costs.

The Court therefore allows Ms. Taylor a taxable cost award in the amount of $36,160.12.

### 4.   Non-Taxable Costs

Ms. Taylor seeks non-taxable costs in the amount of $86,314.61. Her request may be broken down as follows:

**Table 5:  Ms. Taylor's Request for Non-Taxable Costs**

| Purpose | Non-taxable Costs |
|---|---|
| **Expert Witness Fees and Services:** | |
| iDiscovery Solutions - Julian Ackert | $28,762.50 |
| Economic & Accounting Expert - William Foote | $16,709.00 |
| Board-certified Psychiatrist - Ryan Shugarman | $19,300.00 |
| Deposition of Rebuttal Expert – Dr. Gold | $ 2,000.00 |
| Deposition of Rebuttal Expert  - Kristin K. Kucsma | $   975.00 |
| **TOTAL** | **$ 67,746.50** |
| **Miscellaneous Services:** | |
| Copying | $ 9,440.50 |
| Facsimile | $    22.00 |

| | |
|---|---|
| Federal Express | $ 334.96 |
| Local Travel & Parking | $ 1,183.59 |
| Messenger Service | $ 2,195.03 |
| Postage | $ 68.67 |
| Private Process Server Fees | $ 360.00 |
| Telephone Expenses | $ 17.35 |
| Lexis/Accurint/Legal Research | $ 2,923.51 |
| Videographers Services for Depositions of Jennifer Taylor, Ronald Krall, Jason Callaway | $ 2,022.50 |
| **TOTAL** | **$ 18,568.11** |
| **TOTAL Non-Taxable Costs Requested** | **$ 86,314.61** |

(Doc. 296-2).

Non-taxable costs and expenses necessarily incurred in connection with a case are compensable under 42 U.S.C. § 1988. Approximately two-thirds of the non-taxable costs Ms. Taylor seeks are attributable to the fees and services of expert witnesses. (Doc. No. 296).

Defendants argue that the non-taxable costs sought by Ms. Taylor are factually unsupported, largely unrelated to her prevailing claim, and thus, not recoverable. Defendants suggest that the Court award Ms. Taylor no more than $38,984.00 of the $86,314.61 she seeks in non-taxable costs (Doc. 303).

### a.      Expert Witness Fees

Ms. Taylor seeks $67,746.50 in nontaxable costs for expert fees. Under 48 U.S.C. § 1988(c), a court, in its discretion, may include expert fees as part of the attorney's fee. The Court finds that Ms. Taylor has provided documentation to verify $67,246.50 out of $67,746.50 for expert witness fees and services that she seeks to recover. Ms. Taylor has provided satisfactory documentation for the fees requested for the Economic & Accounting Expert William Foote, Board-certified Psychiatrist Ryan Shugarman, and Professor Kucsma, in the amounts of $16,709.00, $19,300.00 and $975, respectively (Docs. 296-23; 296-24). Ms. Taylor seeks costs in the amount of $2,000.00 for Dr. Gold's expert witness fees, but only provides documentation

of a copy of a check in the amount of $1,500.00. Therefore, the Court reduces Ms. Taylor's request from $67,246.50 out of $67,746.50

### b.    Videographer Fees

Ms. Taylor seeks $2,022.50 in costs relating to videographer services for the depositions in this case. Fees for videography of a deposition when they are "necessarily obtained for use in the case." *Cherry*, 186 F.3d at 449 (quoting 28 U.S.C. § 1920(2)). Ms. Taylor asserts that the video depositions of Ron Krall and Jason Callaway were necessary to demonstrate their lack of credibility as it relates to Ms. Taylor's retaliation claim and their allegations that Ms. Taylor had performance issues (Doc. 310). The Court agrees. Thus, the Court awards $2,022.50 in costs for videographer fees.

### c.    Fees for Miscellaneous Services

Ms. Taylor seeks $16,545.61 in costs for miscellaneous services, including costs associated with copies, facsimile, postage, Federal Express, messenger service, local travel and parking, telephone usage and legal research. All of these expenses are recoverable, and the Court finds that Ms. Taylor's summary of non-taxable costs fall well within the allowable items. *See Daly*, 790 F.2d at 1083; *Trimper*, 58 F.3d at 75; *Lux*, 868 F. Supp. 2d at 535. Thus, the Court awards Ms. Taylor $16,545.61 for costs associated with miscellaneous services.

### 5.    Award of Costs

The Court awards Ms. Taylor $36,160.12 in taxable costs. The Court reduces the non-taxable costs sought by Ms. Taylor from $86,314.61 to $85,814.61 because Ms. Taylor seeks $2,000 in fees for the deposition of Dr. Gold, but only submits a copy of a check in the amount of $1,500 for payment.

The Court will now reduce the cost award by 50 percent for the same reason it reduced

Ms. Taylor's attorneys' fees award—to reflect Ms. Taylor's limited success in the action. Thus, the Court awards Ms. Taylor $18,080.06 ($36,160.12 x 50%) in taxable costs and $42,907.30 ($85,769.61 x 50%).

In sum, the Court finds that Ms. Taylor may recover a total of $606,299.98 in attorneys' fees and costs:

### Table 6:  Total Award of Fees and Costs

| | |
|---|---|
| Attorneys' Fees | $ 559,572.00 |
| Taxable Costs | 18,080.06 |
| Non-Taxable Costs | 42,907.30 |
| | |
| **TOTAL** | **$ 620,559.36** |

## IV.    CONCLUSION

For the above reasons, the Court grants in part and denies in part Plaintiff's Petition for Attorneys' Fees and Costs (Doc. 295).  First, the Court holds that Ms. Taylor is entitled to attorneys' fees in the amount of $559,572.00, which reflects a careful consideration of the *Johnson/Barber* factors and the standard set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Second, the Court holds that Ms. Taylor is entitled to $18,080.06 in taxable costs and $42,907.30 in non-taxable costs as these expenditures were necessary and reasonable.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff Jennifer Taylor's Petition for Attorneys' Fees and Costs (Doc. 295) is **GRANTED in PART and DENIED in PART**;

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 58, judgment is entered in favor of Plaintiff Jennifer Taylor and against Defendant Republic Services, Inc. for attorneys' fees and costs in the amounts set forth below:

        (a)     Attorneys' fees in the amount of $559,572.00;

        (b)     Taxable costs in the amount of $18,080.06; and

     (c)     Non-taxable costs in the amount of $42,907.30.

**IT IS SO ORDERED.**

ENTERED this 29th day of January, 2014.

Alexandria, Virginia
1 / 29 / 2014

<div style="text-align: right">

            /s/          

Gerald Bruce Lee
United States District Judge

</div>